**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| COLIN TRAVER and ANGELA BOLTON, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-CV-11890-AK |
| GENERAL MOTORS FINANCIAL COMPANY INC., AMERICREDIT FINANCIAL SERVICES, INC. d/b/a GM FINANCIAL Inc., et al., SANTANDER CONSUMER USA INC., UNITED AUTO RECOVERY, and EASTERN RECOVERY INC., | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**MEMORANDUM AND ORDER ON MOTION TO DISMISS**

**KELLEY, D.J.**

Plaintiffs Colin Traver and Angela Bolton bring this action against Defendants General

Motors Financial Company, Inc. ("General Motors"), AmeriCredit Financial Services, Inc. d/b/a

GM Financial ("GM Financial"), Santander Consumer USA Inc. ("Santander"), Eastern

Recovery Inc. ("Eastern Recovery"), and United Auto Recovery.  Plaintiffs allege that

Defendants unlawfully repossessed two vehicles and engaged in false credit reporting. [Dkt. 16].

Defendants GM Financial and Santander move to dismiss the action in its entirety for failure to

state a claim. [Dkt. 53].  For the following reasons, Defendants' Motion to Dismiss is

**GRANTED IN PART** and **DENIED IN PART**.

1

## I.     BACKGROUND

Unless otherwise noted, the facts are presented as alleged in Plaintiffs' Amended Complaint.[1] [Dkt. 16].  For purposes of this Motion to Dismiss, brought under Fed. R. Civ. P. 12(b)(6), the Court takes all well-pleaded factual allegations asserted in the Amended Complaint as true. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013).

Plaintiffs Colin Traver and Angela Bolton are individuals residing in Massachusetts. [Dkt. 16 ¶ 1].  In or around 2021, Plaintiffs entered into two consumer loan contracts, serviced by GM Financial and Santander, to finance their purchase of two vehicles. [Id. ¶¶ 7-8; Dkt. 54-3 at 5].  Plaintiffs made regular payments on the loans for four years. [Dkt. 16 ¶ 7].  In April 2025, Plaintiffs requested information about the loans from GM Financial and Santander regarding the chain of title and the identity of any assignees. [Id. ¶ 8].  These requests were not answered. [Id.]. In June 2025, GM Financial and Santander engaged collateral recovery businesses to repossess both vehicles from Plaintiffs. [Id. ¶ 9].  Plaintiffs sought to recover the vehicles, paying approximately $2,800 to regain possession of one of them from GM Financial, but they were unable to retrieve the other vehicle from Santander. [Id. ¶¶ 10-11].  Plaintiffs allege that Santander staff was instructed not to speak with Plaintiffs, instead providing them with two non-functioning fax numbers. [Id. ¶ 11].  Santander also revoked Plaintiffs' access to their online account. [Id.].

Defendants reported the events to consumer reporting agencies. [Id. ¶ 13].  Plaintiffs contacted the agencies to dispute the reports, claiming they list inaccurate account balances, loan

---

[1] As discussed below in Part II.A.1, the Court adopts Plaintiffs' most recently filed Amended Complaint [Dkt. 16] as the operative version of the Complaint.

ownership status, and repossession events. [Id. ¶ 14].  As of the date of filing their Amended

Complaint, Plaintiffs are awaiting a response from the agencies. [Id.].

On June 9, 2025, Plaintiffs filed their original complaint for this action in the Bristol

County Superior Court, alleging claims against GM Financial and Eastern Recovery. [Dkt. 1-1 at

5].  On June 26, 2025, Plaintiffs filed a Supplemental Complaint and Amended Claims for

Relief, which added Santander as a Defendant and amended a number of Plaintiffs' claims. [Dkt.

1-2 at 1-3].  On July 2, 2025, General Motors Financial Company removed the case to this Court.

[Dkt. 1].  On July 10, 2025, Plaintiffs filed another Supplemental and Amended Complaint,

which added United Auto Recovery as a Defendant. [Dkt. 13].  Later that day, Plaintiffs filed a

fourth Supplemental and Amended Complaint, which added, removed, and modified certain

claims. [Dkt. 16].

On August 4, 2025, Defendants GM Financial and Santander moved to dismiss [Dkt. 53],

to which Plaintiffs filed an Opposition [Dkt. 55], and Defendants filed a Reply [Dkt. 74].

## II.    LEGAL STANDARD

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege

sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter

of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007)).  Reading the complaint "as a whole," the Court must conduct a two-step,

context-specific inquiry. García-Catalán, 734 F.3d at 103.  First, the Court must perform a close

reading of the complaint to distinguish factual allegations from conclusory legal statements. Id.

Factual allegations must be accepted as true, while legal conclusions are not entitled to

credit. Id.  A court may not disregard properly pleaded factual allegations even if actual proof of

those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir.

3

2011).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).  Dismissal is appropriate when the complaint fails to allege a "plausible entitlement to relief." Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Twombly, 550 U.S. at 559).

## III.    DISCUSSION

### A.    Preliminary Matters

Before assessing the merits of Defendants' Motion, the Court addresses several threshold matters disputed by the Parties regarding the operative version of the complaint at issue, the proper defendants to this action, and facts and arguments presented improperly.

#### 1.    Operative Complaint

Plaintiffs have filed three Amended Complaints [Dkts. 1-2, 13, 16].  Plaintiffs' first Amended Complaint was filed as of right pursuant to Fed. R. Civ. P. 15(a)(1)(A) and thus superseded the initial complaint in its entirety. [See Dkt. 1-2].  Plaintiffs did not, however, seek leave of the Court to file their second and third Amended Complaints, as required under Fed. R. Civ. P. 15(a)(2) for subsequent amendments.  Both Amended Complaints seek to add United Auto Recovery as a Defendant, and the most recent Amended Complaint [Dkt. 16]—when compared against the first Amended Complaint—adds two claims against all Defendants (Fair Debt Collection Practices Act and Fair Credit Reporting Act), adds GM Financial and United Auto Recovery as Defendants to their wrongful possession and conversion claim, and drops two claims (negligence based on failure to conduct due diligence and abuse of process).

Rule 15 instructs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  A district court may deny leave to amend when the request is characterized by "undue

4

delay, bad faith, futility, [or] the absence of due diligence on the movant's part." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).  Once filed, an amended complaint "supersedes the antecedent complaint."  Brait Builders Corp. v. Mass. Div. of Cap. Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011) (quoting Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008).

Here, there was no evidence of undue delay, as Plaintiffs filed the most recent Amended Complaint only eight days after the case was removed and one month after the case was originally filed. [See Dkt. 16].  There is also no evidence or allegations of bad faith or prejudice. United Auto Recovery has appeared and filed an Answer (while preserving arguments regarding improper service) [Dkts. 56-58], and GM Financial and Santander responded to the new claims in their Motion to Dismiss without moving to strike [Dkt. 54].  Accordingly, the Court adopts the most recent Amended Complaint as the operative complaint.

Plaintiffs' most recent Amended Complaint supersedes earlier versions of the Complaint in their entirety, and the Court considers only the facts and claims in the Amended Complaint.

### 2.    Proper Corporate Defendant

The Parties dispute the proper corporate entity to name as a defendant in this action. Defendants assert that General Motors Financial Company Inc. "is the parent company of GM Financial," and does not "own[] and service[] retail installment sale contracts such as the one at issue in this case." [Dkt. 54 at 1 n.1].  Plaintiffs propose that the proper name for Defendant is "AmeriCredit Financial Services, Inc. d/b/a General Motors Financial Company, Inc., also known as GM Financial." [Dkt. 8].

Plaintiffs' proposal, as well as the allegations and claims in the Amended Complaint, suggest that they believe "General Motors Financial Company" is one of the names of the

corporate subsidiary.  They do not appear to allege any facts or claims against the corporate

parent.  Because Plaintiffs' apparent intention is to bring claims against the corporate subsidiary,

not the corporate parent as an independent entity, Plaintiffs are directed to amend their

Complaint pursuant to Rule 15(a) by removing "General Motors Financial Company" as a

separate defendant.  See Ufret-Vega v. Biomet Orthopedics P.R., No. CV 08-1786, 2009 WL

10720110, at *2 (D.P.R. Aug. 14, 2009), report and recommendation adopted, No. CV 08-1786,

2009 WL 10720151 (D.P.R. Sept. 30, 2009) ("A party may also amend the complaint pursuant to

Rule 15(a) to correct a misnomer.").

### 3.      Nonexistent Case Citations

Defendants bring to the Court's attention that Plaintiffs' Opposition cites cases that do

not exist and contain mischaracterizations of legal precedent and rules of law.  The Court has

conducted its own research into Plaintiffs' citations and concludes that they are indeed

nonexistent. [See Dkt. 74 at 2-3, 5 (citing, inter alia, nonexistent cases such as Schuh v.

Weltman, Weinberg & Reis Co., LPA, 602 F. Supp. 2d 832 (S.D. Ohio 2009); Barbosa v. Target

Corp., 2013 WL 6336093 (D. Mass. 2013); and Fleet Nat'l Bank v. Hunt, 385 Mass. 307

(1982)].

Although courts construe pro se filings liberally, there are "reasonable limits." United

States v. Valdez. 88 F.4th 334, 344 n. 7 (1st Cir. 2023) (quoting Dutil v. Murphy, 550 F.3d 154,

158 (1st Cir. 2008)).  Pro se litigants "must be held generally to the same standards as an

attorney." Doe v. Solvay Pharms., Inc., 350 F. Supp. 2d 257, 260 n.3 (D. Me. 2004).  Here, if an

attorney had made a filing "rife with miscitations and AI hallucinations, that attorney would

likely be subject to sanctions." Everett J. Prescott, Inc. v. Beall, No. 25-CV-00071, 2025 WL

2084353, at *2 (D. Me. July 24, 2025).  The Court does not take this lightly and reminds

Plaintiffs that they may not make false or fictitious representations to the Court. Plaintiffs are ordered to certify in any future filings that they have reviewed the filings to confirm that citations are not hallucinated or falsely represented. See id. (imposing similar warnings for AI-hallucinated cases filed by pro se litigant). Plaintiffs are warned that if they make further false or fictitious filings, they may be subject to more severe sanctions, including dismissal of the case.

### 4.    Facts and Arguments Outside Pleadings

In their Opposition, Plaintiffs allege facts that are not in the Amended Complaint. For example, they assert that "Defendants knowingly retained Eastern Recovery, which was not properly licensed in Massachusetts or Rhode Island." [Dkt. 55 at 3]. Plaintiffs have not moved to amend or supplement the pleadings, nor has the Court approved such a motion. Moreover, many of these claims involve Eastern Recovery, who is not a party to the instant Motion to Dismiss. Accordingly, the Court will disregard any such additional facts or claims for purposes of this Order. See Ramos v. United States Postal Serv., No. 23-CV-12848, 2024 WL 5009052, at *4 (D. Mass. Dec. 6, 2024) ("[A]n opposition to a motion to dismiss is not the place for new factual allegations." (quoting Decoulos v. Town of Aquinnah, No. 17-CV-11532, 2018 WL 3553351, at *12 (D. Mass. July 24, 2018) ("[Plaintiff] cannot bolster the allegations of the Amended Complaint through the late addition of new facts in opposing a motion to dismiss."))).

Moreover, Plaintiffs filed a Sur-reply and "addendum" to their Opposition without seeking leave of the Court, as the Court requires in its Standing Order Regarding Motion

7

Practice. [Dkts. 66, 78]. Thus, the Court does not regard facts or legal arguments presented in either Plaintiffs' Sur-reply or addendum to their Opposition for purposes of this Order.

### B.    Count 1 - Federal Debt Collection Practices Act

Moving on to the merits, Plaintiffs assert that Defendants violated the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., because they failed to respond to Plaintiffs' request for information about the true creditor of their financing agreements and repossessed the vehicles despite dispute over ownership. Defendants contend that Plaintiffs have failed to state a claim because Defendants are not "debt collectors" under the Act. The Court agrees.

The FDPCA establishes private causes of action in connection with certain debt collection practices against debt collectors. See Henson v. Santander Consumer USA Inc., 582 U.S. 79, 81 (2017). To properly plead a claim under the FDCPA, the plaintiff must show that "(1) [he] was the object of collection activity arising from consumer debt, (2) [defendant] [is] [a] debt collector[] as defined by the FDCPA, and (3) [the defendant] engaged in an act or omission prohibited by the FDCPA." Neathery v. Lucky 13 Recovery Inc., No. 22-CV-10769, 2023 WL 7924149, at *2 (D. Mass. Nov. 16, 2023). As relevant to this case, the FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In Henson v. Santander Consumer USA Inc., the Supreme Court held that the definition of "debt collector" does not include "a debt owner seeking to collect debts for itself." 582 U.S. at 83 ("[I]t would seem a debt purchaser like Santander may indeed collect debts for its own account without triggering the statutory definition in dispute.").

8

Here, GM Financial and Santander were the creditors of Plaintiffs' consumer financing agreements, which provided for loans on the two vehicles at issue.[2] [Dkt. 16 ¶ 7-8; Dkt. 54-3 at 5]. Defendants' repossession of the vehicles was thus an action to collect on their own debts. Accordingly, they are not "debt collectors" subject to the FDCPA, see id., and Plaintiffs fail to sufficiently plead facts supporting this claim.

### C.      Counts 2 and 4 - Inaccurate Credit Reporting

Plaintiffs assert claims under both state and federal law contending that Defendants "reported inaccurate or misleading information to credit reporting agencies without a lawful basis." [Dkt. 16 ¶ 25]. Their state claim is brought under the Massachusetts Consumer Protection Act ("Chapter 93A"), Mass. Gen. Laws ch. 93A, § 9. [Id. ¶¶ 19-21]. Their federal claim is brought pursuant to the Federal Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2. [Id. ¶¶ 26].

Plaintiffs' state claim is unavailable because Chapter 93A claims are preempted by FCRA. As another session of this Court explained in dicta in Leet v. Cellco P'ship, "Chapter 93A qualifies as a requirement imposed by state law, and to the extent the claim is based on [defendant]'s reporting of plaintiff's consumer credit information, it directly relates to the subject matter of § 1681 s-2 [of FCRA]." 480 F. Supp. 2d 422, 434 (D. Mass. 2007); see also Dawe v. Cap. One Bank, No. CIV A 04-40192, 2007 WL 3332810, at *1-2 (D. Mass. Oct. 24, 2007) (finding plaintiff's Chapter 93A claims preempted by FCRA); Brown v. JPMorgan Chase & Co.,

---

[2] Defendants filed the two consumer financial agreements at issue as attachments to their Motion to Dismiss. [See Dkts. 54-1, 54-3]. The Court considers these exhibits without converting this Motion to a motion for summary judgment under Fed. R. Civ. P. 12(d) because the Amended Complaint alleges facts that are "expressly linked to" the agreements, and Plaintiffs have not challenged the authenticity of the agreements. Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998); Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

22-CV-11298, 2023 WL 3511363, at \*4-5 (D. Mass. May 17, 2023) (same).  Plaintiffs' Chapter

93A claim is based on Defendants' alleged actions related to reporting their credit information to

consumer credit agencies, and is therefore preempted.

Plaintiffs' federal claim is likewise unavailable, as there is no private right of action

under FCRA Section 1681s-2(a).  Under 15 U.S.C. §§ 1681s-2(c)(1) and 1681s-2(d),

"enforcement of violations of § 1681s-2(a) is limited exclusively to designated state and federal

officials." Gibbs v. SLM Corp., 336 F. Supp. 2d 1, 11 (D. Mass. 2004), aff'd, No. 05-1057, 2005

WL 5493113 (1st Cir. Aug. 23, 2005).  As such, "courts have consistently held that there is no

private action for violations of § 1681s-2(a)." Id. (collecting cases).  The avenue for relief, as

prescribed by Congress, is to pursue claims with the relevant state and federal agencies, such as

the Federal Trade Commission or equivalent. See 15 U.S.C. § 1681s-2(d).

### D.    Count 3 - Wrongful Repossession and Conversion

Finally, Plaintiffs assert wrongful repossession and conversion claims under common law

and Article 9 of the Uniform Commercial Code ("UCC").

Common law conversion is the "intentional or wrongful exercise of ownership or control

by defendant over the personal property of another to which it has no right of possession." Omori

v. Brandeis Univ., 533 F. Supp. 3d 49, 56 (D. Mass. 2021) (citing Third Nat'l Bank v. Cont'l Ins.

Co., 446 N.E.2d 380, 383 (Mass. 1983)).  A conversion claim requires "proof that the defendant

either did some positive wrongful act with the intention to appropriate the property to himself or

to deprive the rightful owner of it." Kelley v. LaForce, 288 F.3d 1, 12 (1st Cir. 2002).  Here,

Plaintiffs allege that they made regular payments on the loans for both vehicles and deny that

they were in default or otherwise behind on payments. [Dkt. 16 ¶ 7].  The repossession

companies thus would not have the right to repossess the vehicles. Cf. In re Visnicky, 401 B.R.

10

61 (Bankr. D.R.I. 2009) ("Unless there is a default, the creditor is not entitled to repossession of the collateral."). Accordingly, taking Plaintiffs' allegations as true for purposes of this Motion, Plaintiffs have pled sufficient facts as to this claim.

Similarly, UCC Article 9-609, codified in Mass. G.L. ch. 106 § 9-609, allows a creditor to use self-help to repossess collateral only "[a]fter default." Mass. G.L. ch. 106 § 9-609(b); see Neathery, 2023 WL 7924149, at *3. As with Plaintiffs' common law conversion claim, accepting as true their allegations that they were up to date on their vehicle loan obligations, Plaintiffs have pleaded sufficient facts supporting their claim that Defendants were not entitled to repossess the vehicles at this stage.

## IV.    CONCLUSION

For the foregoing reasons, GM Financial and Santander's Motion to Dismiss [Dkt. 53] is **GRANTED IN PART** and **DENIED IN PART**. Count 1 (FDCPA), Count 2 (Chapter 93A), and Count 4 (FCRA) are **DISMISSED**, while Count 3 (wrongful repossession and conversion) remains. Pursuant to Fed. R. Civ. P. 12(a)(4), Defendants must file a responsive pleading within **fourteen (14)** days of this Order.

Additionally, Plaintiffs are **DIRECTED** to amend the Complaint to remove "General Motors Financial Company Inc." as a separate defendant within **fourteen (14) days** of this Order.

Lastly, Plaintiffs are **ORDERED** to certify in any future filings that they have reviewed the filings to confirm that citations are not hallucinated or falsely represented.

    **SO ORDERED.**

Dated: March 11, 2026                                  /s/ Angel Kelley
                                                       Hon. Angel Kelley
                                                       United States District Judge

11